Strafford, }
Dec. 4, 1951. } No. 4074.

JONATHAN NIXON *v.* ALPHONSE BONENFANT *& a.*

*Paul B. Urion* (by brief and orally), for the plaintiff.

*Cooper, Hall & Cooper* for the defendant administrator, furnished no brief.

*Hughes & Burns* and *Donald R. Bryant* for the defendant Bonenfant.

DUNCAN, J. At the hearing upon the motion to dismiss, the pendency of certain other actions was disclosed. It was stated that the defendant administrator has petitioned the probate court for authority to sell the real estate in question. It also appeared that there is pending in that court a petition for partition brought by the plaintiff against all of the cotenants. Whether sale of the real estate is necessary to pay debts of the decedent does not appear from the record before us.

It is apparent that the plaintiff has an adequate remedy at law. Revised Laws, *c.* 384, *s.* 8, provides that "one cotenant of real estate may recover [in assumpsit] of another taking the income thereof without his consent, and wrongfully withholding the same, all damages he may ·sustain thereby." In its earlier and somewhat more comprehensive form, the statute provided for the recovery of damages occasioned by the holding of exclusive possession of real estate by one cotenant without the consent of a cotenant so excluded. C. S. (1854) *c.* 191, *s.* 6. The report of the commissioners who revised the laws in 1867 discloses that no change other than a verbal one was intended in the revision of the language of this sec-

tion. The holding in *Mooers* v. *Bunker,* 29 N. H. 420, serves to establish the plaintiff's right to maintain an action of special assumpsit based upon the statute (*Smith* v. *Woodman,* 28 N. H. 520) without joinder of his cotenants.

The brief of the defendant Bonenfant suggests however, that if the plaintiff has a cause of action, so also do the other cotenants; and that if the bill in equity may be maintained, they are necessary parties. The argument suggests the propriety of maintenance of the bill in order to prevent a multiplicity of suits (*Page* v. *Whidden,* 59 N. H. 507), relief which is available to the defendant as well as the plaintiff. See *Smith* v. *Bank,* 69 N. H. 254, 255; Pomeroy, Eq. Jur. (5th *ed.*) ss. 245, 269. If the other cotenants are not barred by consent from maintaining similar claims (*cf. Berry* v. *Whidden,* 62 N. H. 473), actions in their behalf would present substantially identical issues. *Allbee* v. *Elms,* 93 N. H. 202.

Under the circumstances, we are of the opinion that the bill should not be dismissed, if the defendant chooses by appropriate pleading to seek a joinder of the other cotenants. Suitable notice may be ordered, requiring them to present their claims in the pending proceeding, or be barred from maintaining them. *Smith* v. *Bank, supra,* 257. If no claims are made by other cotenants, the plaintiff may be permitted to amend the bill to an action of special assumpsit. *Cf. Gage* v. *Gage,* 66 N. H. 282, 296. Otherwise the order of dismissal may stand.

Maintenance of the plaintiff's action in some form would not seem to be precluded by the pendency of the petition for partition in the probate court, an issue not presented to the court below. Although the petition is said to contain a prayer for an accounting, "the power of the court of probate to make partition of real estate is derived wholly from the statutes" (*Pickering* v. *Pickering,* 20 N. H. 541, 542), and appears to be limited to a division in kind (R. L., *c.* 410, ss. 18-21), or in case of a division among heirs, to division in kind or an assignment of the whole. R. L., *c.* 361. Thus any right of the plaintiff to an accounting would not be determinable in that proceeding.

*Case discharged.*

All concurred.